IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIE INSURANCE PROPERTY &
CASUALTY COMPANY,

    Plaintiff,

v.                               Civil Action No. 5:05CV35
                                     (STAMP)
LINDA SPANOVICH d/b/a
DAN'S HEATING & PLUMBING,
DANIEL SPANOVICH,
RONALD I. PATRICK,
STACY M. PATRICK and
STACY M. PATRICK as mother of
Kayla Sadler and Heather Patrick, minors,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I.  Procedural History

On March 21, 2005, the plaintiff filed this civil action for declaratory relief pursuant to 28 U.S.C. § 2201. The plaintiff seeks a determination from this Court that the insurance policy issued by the plaintiff to defendant Linda Spanovich, d/b/a Dan's Heating & Plumbing, Inc. ("Dan's"), does not provide a duty to indemnify Dan's for damages relating to "shock, fear, anxiety, depression, anger, and other emotional distress" that arises from property damage suffered as the result of a fire on May 5, 2002. See Compl. ¶ 11.

On June 21, 2005, the plaintiff filed a motion for summary judgment. To date, the defendants have not responded. After considering the plaintiff's memorandum and the applicable law, this

Court finds that the plaintiff's motion for summary judgment should be granted.

## II. Facts

The plaintiff's complaint stems from an action currently pending in the Circuit Court of Hancock County, West Virginia. The underlying plaintiffs in the state court action, Ronald and Stacy Patrick ("the Patricks"), filed suit against Dan's Heating and Plumbing, Inc. alleging that Dan's performed negligent contracting work that resulted in a fire on their property in Weirton, West Virginia. In their complaint, they cite damages that include "harm to their psyches in the form of shock, fear, anxiety, depression, anger and other emotional distress . . ." Pl.'s Mot. Summ. J., Ex. A, at 3.

At the time of the fire, Dan's held a commercial general liability insurance policy with the plaintiff. Dan's has made a demand to the plaintiff for coverage, indemnification, and defense regarding the allegations of the underlying state court action. In its complaint, the plaintiff specifically notes that it does not dispute its duty to defend Dan's in the underlying action. See Compl. ¶ 9. However, the plaintiff asserts that it has no duty to indemnify Dan's as to plaintiff's alleged mental and emotional damages arising from the fire. Id.

III. <u>Applicable Law</u>

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).

In this case, the defendants failed to respond to the plaintiff's motion for summary judgment. However, the defendants' failure to file a response does not relieve the plaintiff from the burden imposed upon the moving party. <u>See</u> <u>Custer v. Pan Am. Life Ins. Co.</u>, 12 F.3d 410, 416 (4th Cir. 1993). The court in <u>Custer</u> held that while "the failure to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" <u>Id.</u> (quoting Fed. R. Civ. P. 56(c)).

IV. Discussion

The plaintiff asserts that it has no duty to indemnify Dan's for damages related to emotional distress and mental anguish arising from alleged property damage, as such damages are not recoverable under West Virginia law. The plaintiff also claims that, pursuant to the terms of the policy, no coverage exists for the Patricks' claims of emotional distress and mental anguish that arise from alleged property damage. Thus, the plaintiff asks that this Court declare that it has no duty to indemnify or provide benefits for damages for "shock, fear, anxiety, depression, anger and other emotional distress" arising from Dan's alleged negligence. Pl.'s Mot. Summ. J. at 2.

In support of its motion, the plaintiff cites Evans v. Mutual Mining, 199 W. Va. 526 (1997). In Evans, the Supreme Court of Appeals of West Virginia found that it was not appropriate to allow the plaintiffs to recover for mental pain and suffering under circumstances in which only their property was damaged. Id. at 532. However, the court noted in a footnote:

> Our opinion today does not foreclose a recovery for mental anguish in a case where only property is damaged. The circumstances in this case come close, but we have insufficient evidence of whether, using an objective standard, an ordinary person would have feared for his or her life . . .

Id. at 532 n.3.

The plaintiff in the instant case argues that the exception carved out above for circumstances in which an ordinary person

4

would have feared for his or her life is inapplicable in this case. The plaintiff cites deposition testimony from the Patricks that no member of the Patrick family was present at the home when the fire began. Thus, the plaintiff argues that there is no evidence that an ordinary person in the Patricks' place would have feared for his or her life.

This Court is permitted to accept these uncontroverted facts as true. See Custer, 12 F.3d at 416. Moreover, this Court finds that the Patricks' deposition testimony regarding the circumstances of the fire demonstrates that no member of the family was in a position to fear for his or her life. Accordingly, based on these circumstances, this Court must conclude that the Patricks are barred under West Virginia law from recovering damages for mental anguish pursuant to the standard articulated in Evans v. Mutual Mining.

Given this finding, this Court further accepts the plaintiff's argument that the applicable insurance policy does not afford coverage for such damages. The plaintiff notes that the policy covers "sums that the insured becomes legally obligated to pay as damages." See Pl.'s Mot. Summ. J., Ex. B (emphasis added). As asserted by the plaintiff, the Supreme Court of Appeals of West Virginia has noted that "[m]ost courts that have had occasion to construe the phrase 'legally obligated to pay arising from a bodily injury' conclude that it is any legally recognized damages arising

5

from a bodily injury and includes consequential damages." <u>Hensley v. Erie Ins. Co.</u>, 168 W. Va. 172, 176 n.5 (1981)(emphasis added).

This Court is satisfied that the policy language does not cover damages not recognized by law. Accordingly, this Court finds that no genuine issue of material fact exists and the plaintiff is entitled to a declaration as a matter of law that it has no duty to indemnify the defendants for any mental anguish damages related to the fire.

In the alternative, the plaintiff argues that, regardless the availability of recovery under West Virginia law, the policy language does not provide coverage for mental anguish damages arising from a fire. In its memorandum, the plaintiff first addresses the "Bodily Injury" provisions of the policy. The policy defines "Bodily Injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Pl.'s Mot. Summ. J., Ex. B, Commercial General Liability Coverage Form, at 9. The plaintiff notes that the Patricks have not alleged any bodily injury, sickness, or disease, and have admitted that no one was physically injured. <u>See</u> Pl.'s Mot. Summ. J., Ex. D (Dep. of Stacy Patrick), at 44. Further, the plaintiff notes that no one in the Patrick family sought professional treatment for emotional distress. <u>See</u> Pl.'s Mot. Summ. J., Ex. C (Dep. of Ronald Patrick), at 44-45. Given these

facts, this Court is satisfied that the policy language regarding bodily injury is not implicated.

The plaintiff next addresses the policy definition for "Property Damage," which includes:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

Def.'s Mot. Summ. J., Ex. B, at 11. The plaintiff argues that the clear and unambiguous terms of this definition cannot be construed to provide coverage for emotional distress. This Court agrees. The language in this definition in no way suggests coverage for mental anguish or emotional distress.

Finally, the plaintiff argues that coverage is not provided under the provisions for personal injury. The policy defines "personal and advertising injury" to include injuries, including bodily injuries, arising out of false arrest, malicious prosecution, wrongful eviction, slander or libel, violation of privacy, use of another's advertising idea in an advertisement, or copyright infringement. See Def.'s Mot. Summ. J., Ex. B, at 10. The plaintiff argues that none of these provisions is implicated by the Patricks' allegations. This Court agrees. The circumstances of this case make the above provisions inapplicable.

Because this Court finds that none of the applicable provisions of the policy provide coverage for mental anguish or emotional distress, summary judgment is also warranted as to this issue.

V. Conclusion

Because the plaintiff has set forth sufficient evidence to demonstrate to this Court that there is an absence of a genuine issue of material fact with respect to the claims in this case, this Court, pursuant to Rule 56(e), hereby GRANTS plaintiff's motion for summary judgment. This Court hereby declares that the plaintiff has no duty to indemnify or provide any benefits pursuant to its UltraFlex Commercial General Liability Policy #Q43-8050008 issued to Linda Spanovich, d/b/a Dan's Heating & Plumbing, Inc., for damages for shock, fear, anxiety, depression, anger, and other emotional distress arising from Dan's alleged negligence resulting in a fire as asserted in a civil action now pending in the Circuit Court of Hancock County, West Virginia (Civil Action No. 04-C-83(G)). This action is DISMISSED and STRICKEN from the docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     July 21, 2005

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE